UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. GARCIA, | CV F 05-0122 OWW WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE PETITIONER FOR WRIT OF HABEAS CORPUS |
| v. | |
| S. RYAN, WARDEN, | |
| Respondent. / | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254.

**PROCEDURAL HISTORY**

Following a trial in Kern County Superior Court, Petitioner was convicted by a jury of 6 counts of forcible rape (Pen. Code § 261 (a)(2)), one count of continuous sexual abuse (Pen. Code § 288.5 (a)), and a count of forcible oral copulation (Pen. Code §288a,(c)). He was sentenced to 58 years in state prison.

Petitioner filed a timely appeal with the California Court of Appeal, Fifth Appellate District ("Court of Appeal"). On April 15, 2002, the Court of Appeal vacated Count 8 and affirmed the judgment in all other respects.

Petitioner timely petitioned the California Supreme Court for review. The court denied the petition for review on July 24, 2002.

Petitioner filed a petition for writ of habeas corpus with the Kern County Superior Court on September 10, 2003. The court denied the petition in a detailed opinion on October 3, 2003.

On October 24, 2003, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal. The court denied the petition without discussion on February 19, 2004.

On March 10, 2004, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition without discussion on January 12, 2005.

Petitioner filed the present petition for writ of habeas corpus in this court on January 31, 2005.

**LEGAL STANDARD**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on January 31, 2005, after the enactment of the AEDPA, thus it is governed by its provisions.

2

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus relief will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993). On a petition for writ of habeas corpus, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

3

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

When, as here, the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

**DISCUSSION**

1.  Whether the Court had Jurisdiction to Proceed on Count Three

Count Three charged continuous sexual abuse of a minor in violation of Penal Code Section 288.5, occurring between October 1992 and July 12, 1994. Petitioner contends that this range of dates exceeds the applicable six year statute of limitations, and thus necessarily includes dates outside the limitations period. Petitioner claims that when a pleading alleges an offense within a range of dates rather than on a specific date, the earliest date should control for purposes of determining the limitations period. See Gasaway v. Superior Court, 70 Cal.App.3d 545, 551 (1977) (holding that where defendant was charged with welfare code violations occurring during a range of dates beginning outside the statute of limitations period, the trial court should have sustained a

demurrer with leave to amend the count to specifically allege a count occurring within the statutory period). "[A]n accusing pleading must allege facts showing that the prosecution is not barred by the statute of limitations," and a failure to do so is fatal to the validity of a conviction obtained upon such defective pleading. In re Demillo, 14 Cal.3d 598, 602 (1975), citing People v. Crosby, 58 Cal.2d 713, 724 (1962).   Petitioner concludes that the court therefore lacked jurisdiction over Count Three.

In response, Respondent first contends that a claim that a state criminal law statute of limitations has been improperly applied raises solely an issue of state law, and is non-cognizable on federal habeas. See Velazquez v. Sternes, 151 F.Supp.2d 946, 950 (N.D. Ill. 2000)( holding that claim that charge was brought after statute of limitations had expired was purely a state law issue and was therefore not cognizable on habeas corpus).

Respondent next contends that even if the claim were cognizable, it is without merit. Respondent claims that the limitations period as to continuing offenses does not commence until the entire course of conduct is complete, citing People v. Zamora, 18 Cal.3d 538 (1976).  Respondent claims that a charge of violation of Penal Code section 288.5 is a continuing offense, and that the prosecution of Petitioner began before six years had elapsed from the completion of the offense. Specifically, Respondent contends that the prosecution of this crime began with the issuance of the arrest warrant for Petitioner on September 29, 1999.

Finally, Respondent contends that the California Supreme Court's adjudication of this claim was neither contrary to nor an unreasonable determination of clearly established Supreme Court precedent, as required under 28 U.S.C. Section 2254(d)(1).

In ruling on this issue, the Superior Court noted that the information in this case was filed on October 21, 1999, and that an offense committed at the earliest date charged in the court would be time-barred by October 1998.   The court held in part as follows:

> The information was not defective.  It was possible for the three or more acts alleged in count 3 to have occurred after October 21, 1993, and thus the court would have had jurisdiction because the count would not have been time-barred.  In such a situation, the burden is on the prosecution to prove by a preponderance of evidence that the information was filed within the prescribed period after the commission of the offense (i.e., that the acts

5

alleged in the charged offense all occurred within the limitations period). (See <u>People v. Zamora</u> (1976) 18 Cal.3d 538, 565, fns. 26 & 27; see also <u>People v. James</u> (1943) 59 Cal.App.2d 121, 122). However, when the jury returns a verdict of guilty, it is sufficient to establish that the prosecution was timely (i.e., that it was not time-barred). (<u>People v. Allen</u> (1941) 46 Cal.App.2d 735, 747). Here, the jury found Petitioner guilty of count 3. Therefore, the prosecution of that count was not time-barred. <u>Gasaway</u> does not help Petitioner. That case concerned a demurrer to an information. The information charged the defendants with committing four offenses. As to counts 1, 2 and 3, the information was untimely. It was not filed until after the statute of limitations for the offense alleged had expired. In count 4, the defendants were alleged to have committed a certain offense during a range of dates part of which would have exceeded the limitations period. The court held that the trial court should have sustained the demurrer without leave to amend as to counts 1, 2 and 3 and sustained it with leave to amend as to count 4. Here, however, whatever application <u>Gasaway</u> might have had to Petitioner's situation was overtaken by events when the jury found him guilty of count 3. That verdict effectively established that the prosecution on that count was timely.

In his traverse Petitioner argues that the Superior Court erred in ruling as it did, because it should have remanded the matter for a hearing. Petitioner relies on <u>People v. Williams</u>, 21 Cal.4th 335, 341 (1999), in which the California Supreme Court held,

> We now conclude that when the charging document indicates on its face that the action is time-barred, a person convicted of a charged offense may raise the statute of limitations at any time. If the court cannot determine from the available record whether the action is barred, it should hold a hearing or, if it is an appellate court, it should remand for a hearing.

Petitioner argues that in this case, the Superior Court's failure to remand the matter for a hearing "is clearly contrary to or an unreasonable application" of the California Supreme Court's holding in <u>Williams</u>. He also claims that the Superior Court denied him due process by not remanding the matter, and that its failure to do so violated state and federal law interpreting the right to trial. See <u>People v. Marshall</u>, 13 Cal.4th 799, 850 (1996); <u>Hicks v. Oklahoma</u>, 477 U.S. 343, 356 (1980); <u>Sullivan v. Louisiana</u>, 508 U.S. 275 (1993).

The court finds that this contention is insufficient to support habeas corpus relief. Initially, the court notes that the "contrary to" or "unreasonable application of" standard applies to "clearly established Federal law, as determined by the Supreme Court of the United States," under 28 U.S.C. Section 2254(d). It does not apply to interpretations of California law by the California Supreme Court. Further, the holding from <u>Williams</u> which Petitioner relies on is not applicable to the present case, as it refers to situations in which "the court cannot determine from the available record whether

6

the action is barred." In this case, the Superior Court found that under <u>People v. Allen</u>, the prosecution of count 3 was not time-barred, because the jury returned a verdict of guilty on that count. Petitioner provides no discussion as to how the Superior Court's reliance on <u>People v. Allen</u> in adjudicating the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Accordingly, the court concludes that this contention presents no basis for habeas corpus relief.

2.  <u>Whether Petitioner Received Ineffective Assistance of Trial Counsel</u>

Petitioner contends that he received ineffective assistance of counsel, claiming specifically that trial counsel failed to investigate a list of potential witnesses Petitioner provided to him, waived opening statement, presented only Defendant as a witness, and rested after cross-examination of Defendant. Petitioner claims that counsel's failure to investigate or provide a defense deprived him of the effective assistance of counsel he is entitled to under the Sixth and Fourteenth Amendments.

Petitioner also contends that trial counsel failed to inform him of a plea offer. Specifically, Petitioner contends that trial counsel failed to inform him of a plea offer for 24 years with a lid dated October 12, 1999.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). <u>Canales v. Roe</u>, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); <u>Lowry v. Lewis</u>, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. <u>Strickland</u>, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. <u>Id</u>. at

7

688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688. The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [United States Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The habeas corpus applicant bears the burden to show that the state court applied United States Supreme Court precedent in an objectively unreasonable manner. Price v. Vincent, 538 U.S. 634, 640 (2003).

In addressing Petitioner's ineffectiveness claims, the Superior Court held as follows:

8

    d.  The first claim

       (1) Petitioner contends he received ineffective assistance of counsel because his attorney did not adequately consult with him.  Specifically, he claims his attorney did not notify him that the prosecution had made a plea offer.  The offer was for a sentence of not less than 24 years, and Petitioner claims that, had he been informed of it, he would have accepted the offer rather than go to trial.

       (2) The claim fails.

       (3) A review of the criminal file reveals that Petitioner rejected a plea offer on November 24, 1999.  Therefore, his attorney must have communicated the plea offer to him.

    e.  The second claim.

       (1) Petitioner contends he received ineffective assistance of counsel because his attorney did not investigate and adequately prepare for trial.  He claims his attorney was given a list of potential witnesses some of whom could have supported a good character defense.  However, the attorney did not follow up with those witnesses or have them testify at trial.  Petitioner also contends that his attorney failed to make any effort to investigate or provide a defense.

       (2)   The claim fails.

       (3)   Petitioner fails to show he was prejudiced by his attorney's alleged failings.  He does not identify the potential good character witnesses he claims existed.  Nor, does Petitioner summarize the testimony that such witnesses could have given.   Consequently, he has not shown there is any reason to believe that, had the purported good character witnesses testified, it would have had any effect on the outcome of the trial.  Petitioner also does not explain his allegation that his attorney failed to investigate or prepare a defense.  He does not show what an investigation, or further investigation, might have revealed, and he does not explain how the results of any such investigation/further investigation would have been helpful to him.  Nor, does Petitioner identify what defense or defenses his attorney might have presented.  He just concludes that his attorney's representation was deficient because he failed to investigate or prepare a defense.  That is, Petitioner's claim here is just a conclusory allegation.  However, conclusory allegations made without explanation of the basis for the allegations do not warrant relief.  (In re Karis (1988) 46 Cal.3d 612, 656).

f.  The third claim

       (1) Petitioner contends he received ineffective assistance of counsel because his attorney did not propose or object to any jury instructions.

       (2)   The claim fails.

       (3) Petitioner does not show he was prejudiced by his attorney's decision not to propose or object to jury instructions.  He does not indicate what instructions his attorney might have proposed or objected to, nor does he give any reason to believe that, had the attorney proposed or objected to one or more jury instructions, it would have affected the outcome of the trial.

g.  The fourth claim.

       (1) Petitioner contends he received ineffective assistance of counsel because his attorney

       did not make an opening statement.

          (2) The claim fails.

          (3)  Petitioner does not show he was prejudiced by his attorney's decision not to make an opening statement.  He does not indicate what an opening statement might have contained, nor does he indicate why there is any reason to believe that, had such a statement been given, it would have affected the outcome of the trial.

       h.  The fifth claim.

          (1)  Petitioner contends he received ineffective assistance of counsel because his attorney failed to pursue an alibi defense.  In explanation of this claim, Petitioner says only that his attorney's failure to call witnesses for the defense when alibi witnesses were involved is unreasonable.

       (2)  The claim fails.

       (3)  Petitioner does not explain what alibi defense was available to him, nor does he identify what witnesses could have supported such an alibi.  He just concludes that his attorney was ineffective because he failed to present an alibi defense.  This is not good enough.  It is just a conclusory allegation, and as explained above, conclusory allegations do not warrant relief.  Karis, supra, 46 Cal.3d at p. 656).

       The court finds that Petitioner has failed to carry his burden of demonstrating that the Superior Court's conclusions on his ineffective assistance claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  In particular, the court notes in regard to the claim that trial counsel failed to inform Petitioner of a plea offer,  the record shows that at the preliminary hearing on October 12, 1999, the 24 year offer was discussed.  Petitioner made no objection, question, or comment on the record.  As Respondent argues, this belies his claim that he was later surprised to find a reference to a 24 year offer in his attorney's file.  Further, the prosecution made Petitioner a second offer, after additional charges were added (creating a possible sentence exposure of 72 years), to enter a plea agreeing to 32 years.  Petitioner rejected that offer.  Additionally, having found no merit to Petitioner's ineffective assistance of counsel claims, the court rejects Petitioner's claim of cumulative error.

       In light of the above, the court finds that this contention provides no basis for habeas corpus

10

relief.

### 3. Whether the Trial Court Erred in Failing to Instruct on Lesser Included Offenses

Petitioner contends that the trial court committed prejudicial error in failing to sua sponte instruct the jury on lesser included offenses as to counts 1, 2 and 4 - 7. Petitioner argues that these offenses each contain the element of the use of "force, violence, duress, menace or fear of immediate and unlawful injury" as a means of accomplishing the crime. He claims that when the alleged violations are committed without this element, lesser included offenses are committed. Petitioner argues that there was an arguable defect in proof as to the existence of the element of force, violence, duress, menace or fear of immediate and unlawful injury as to counts 1,2 and 4 - 7, the trial court denied him due process of law by failing to instruct sua sponte on lesser included offenses as to these counts.

In response, Respondent argues that this claim does not present a federal question and must therefore be rejected.

In a noncapital case, the failure of a trial court to instruct sua sponte on lesser included offenses does not present a federal constitutional question. Windham v. Merkle, 163 F.3d 1092, 1106 (9th Cir. 1998); Turner v. Marshall, 63 F.3d 807, 813 (9th Cir.1995), *overruled on other grounds* by Tolbert v Page, 182 F.3d 677 (9th Cir.1999) (*en banc*) (finding the application of Beck to noncapital cases barred by Teague v. Lane, 498 U.S. 288, 299-300, 109 S.Ct. 1060, 1069 (1989)); James v. Reese, 546 F.2d 325, 327 (9th Cir.1976) (*per curiam*).

Accordingly, the court finds that Petitioner has failed to meet his burden of demonstrating that the state court's rejection of this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Thus, the court finds that this contention provides no basis for habeas corpus relief.

### 4. Whether There Was Cumulative Error Requiring Reversal

11

Petitioner contends that even if the individual errors in this case are not sufficient to justify reversal, the cumulative impact of the errors requires reversal. The court finds that this contention provides no basis for habeas corpus relief. Because the court has found that Petitioner has not demonstrated any error, there is no cumulative impact to be consider. Accordingly, the court finds that Petitioner has failed to carry his burden under Section 2254(d).

5. Whether Petitioner Received Ineffective Assistance of Appellate Counsel

Petitioner claims that because his appellate counsel did not raise the contentions "discussed in grounds 1 through 5," Petitioner was deprived of effective assistance of counsel on appeal. Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to Strickland 's two-pronged test. Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986); See, also, Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 353-54 (1988) (holding that where a defendant has been actually or constructively denied the assistance of appellate counsel altogether, the Strickland standard does not apply and prejudice is presumed; the implication is that Strickland does apply where counsel is present but ineffective).

To prevail, Petitioner must show two things. First, he must establish that appellate counsel's deficient performance fell below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064 (1984). Second, Petitioner must establish that he suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional errors, she would have prevailed on appeal. Id. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id. The relevant inquiry is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.1998). The presumption of reasonableness is even stronger for appellate counsel because he has wider discretion than trial counsel in weeding out weaker issues; doing so is widely recognized as one of the hallmarks of effective appellate assistance. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989).

12

Appealing every arguable issue would do disservice to the Petitioner because it would draw an appellate judge's attention away from stronger issues and reduce appellate counsel's credibility before the appellate court. Id.  Appellate counsel has no constitutional duty to raise every nonfrivolous issue requested by petitioner. Id at 1434 n10 (*citing* Jones v. Barnes, 463 U.S. 745, 751-54, 103 S.Ct. 3308 (1983)).

In this case, because the court has found no merit to Petitioner's contentions, Petitioner cannot show ineffective assistance based on appellate counsel's failure to raise the contentions on appeal.  That is, Petitioner cannot show that appellate counsel's performance fell below an objective standard of reasonableness, or that Petitioner was prejudiced thereby.  Accordingly, the court finds that Petitioner has failed to meet his burden of demonstrating that the state court's rejection of this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).   Thus, the court finds that this contention provides no basis for habeas corpus relief.

6.  Whether There Was Sufficient Evidence to Support Petitioner's Conviction on Count III

Petitioner contends that there was insufficient evidence presented to support his conviction of continuous sexual abuse pursuant to Penal Code Section 288.5(a).[1]  Petitioner claims that

---

[1] Penal Code Section 288.5 provides in part:

a) Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense, as defined in subdivision (b) of Section 1203.066, or three or more acts of lewd or lascivious conduct, as defined in Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years.

(b) To convict under this section the trier of fact, if a jury, need unanimously agree only that the requisite number of acts occurred not on which acts constitute the requisite number.

because the information charged Count III as occurring between October 1992 and July 12, 1994, it was essential for the prosecution to prove that three acts of sexual abuse occurred during that time period. Petitioner claims that the prosecution failed to do so. Specifically, Petitioner argues that evidence of abuse before and after the charged time period was presented and that evidence of only one act within the charged time period was presented.

The law on insufficiency of the evidence claim is clearly established. The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Sufficiency claims are judged by the elements defined by state law. Id. at 324 n. 16.

In this case, the child victim testified that she was abused "two to three times a week" and the abuse began when she was 11, which would have been in the summer of 1992. She testified that the abuse continued until the time of the report in 1999.

As Respondent argues, the requisite three acts over three months required under Section 288.5 was satisfied by any three month period of the time period alleged. Thus, on the evidence presented, a rational jury could find the essential elements of the crime beyond a reasonable doubt. Accordingly, Petitioner has failed to meet his burden and this contention provides no basis for habeas corpus relief.

7. Whether There Was Sufficient Evidence to Support Petitioner's Conviction on Counts 1, 2 and 4 -7

Petitioner contends that there was insufficient evidence of the element of force necessary to prove a violation of Penal Code Section 261(a)(2),[2] as alleged in counts 1, 2 and 4 through 7.

---

[2] Penal Code Section 261(a) provides in part as follows:
(a) Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances:

(1) Where a person is incapable, because of a mental disorder or developmental or physical

14

Petitioner claims that the victim did not describe any physical force or violence necessary to commit the acts.

As Respondent argues, ample evidence was presented at trial for a rational juror to find the essential elements of rape as alleged in Counts 1, 2 and 4 - 7 beyond a reasonable doubt.  The victim testified that on each occasion of molestation, Petitioner would strip her clothes off her body.  She testified that on no occasion had she had willing sex with Petitioner, and that on no occasion had she ever consented to sex with Petitioner.  The victim testified that she was afraid of Petitioner, and he had choked her on previous occasions.  On the occasion of the September 26, 1999 rape, she kicked and scratched in an attempt to drive Petitioner off her and Petitioner held her body down.  On the occasion of the September 4, 1999 incident, the victim told Petitioner that she wanted nothing to do with him, but he forced himself upon her.

The victim also testified generally that she was in fear of Petitioner, and that on prior occasions she had tried to resist him unsuccessfully.  The following colloquy also occurred when the prosecutor questioned the victim on direct examination:

Q:   Did he ever make statement to you like threats?

A.   Yes, he did.  He said if he ever went to prison because of this, I better hope he did not get out.

Q.   An did that make you afraid?

A.   Yes, it did.

The court finds that Petitioner has failed to carry his burden of showing that the state court's

---

disability, of giving legal consent, and this is known or reasonably should be known to the person committing the act. Notwithstanding the existence of a conservatorship pursuant to the provisions of the Lanterman-Petris-Short Act (Part 1 (commencing with Section 5000) of Division 5 of the Welfare and Institutions Code), the prosecuting attorney shall prove, as an element of the crime, that a mental disorder or developmental or physical disability rendered the alleged victim incapable of giving consent.

(2) Where it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another.

adjudication of this claim was neither contrary to nor an unreasonable determination of clearly established Supreme Court precedent.  Therefore, this contention provides no basis for habeas corpus relief.

<u>Whether an Evidentiary Hearing is Merited</u>

Although he presents no supporting argument, Petitioner requests an evidentiary hearing on the cover sheets of his petition and his traverse.

Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute.  An evidentiary hearing on a claim is required where it is clear from the petition that:  (1) the allegations, if established, would entitle the petitioner to relief;  and (2) the state court trier of fact has not reliably found the relevant facts.  <u>See</u>, <u>Hendricks v. Vasquez</u>, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, <u>Townsend v. Swain</u> 372 U.S. 293, 309 (1963)(*overruled in part by* <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. <u>Id</u>.

As in the case above, after reviewing the merits of petitioner's claim, the court finds that no disputed issue of fact exists.   Accordingly, the court recommends that the request for an evidentiary hearing be denied.

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED and that the Clerk of the Court be directed to enter judgment for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

16

thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 2, 2007**               **/s/  William M. Wunderlich**
                                   UNITED STATES MAGISTRATE JUDGE